**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Escobedo, | No. CV-23-00099-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Renee Escobedo's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act").  Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 8), seeking judicial review of that denial.  Defendant SSA filed an Answering Brief, (Doc. 13), to which Plaintiff replied, (Doc. 14).  After reviewing the parties' briefs, the Administrative Record, (Doc. 7), and the Administrative Law Judge's ("ALJ") decision, (Doc. 7-3 at 16–24), the Court will affirm the ALJ's decision for the reasons addressed herein.

## I.      BACKGROUND

Plaintiff protectively filed an Application for SSDI benefits in on August 18, 2017, alleging disability beginning July 12, 2017.  (Doc. 7-4 at 32.)  Plaintiff's claim was initially denied on October 26, 2017.  (*Id.*)  After reconsideration, Plaintiff's claim was again denied on July 26, 2018.  (*Id.*)  A hearing was held before ALJ Allen Erickson on June 23, 2020.  (*Id.*)  After considering the medical evidence and opinions, the ALJ determined that

1     Plaintiff was not disabled.  (*Id.* at 41.)  Plaintiff appealed, and the SSA Appeals Council

2     remanded the decision to a different ALJ.  (Doc. 7-3 at 16.)

3         A second hearing was then held before ALJ Ted Armbruster on October 19, 2021.

4     (*Id.*)  After considering the medical evidence and opinions, he determined that Plaintiff

5     suffered from several medically determinable impairments but did not have a severe

6     impairment or combination of impairments.  (*Id.* at 19.)  The ALJ concluded that the

7     impairments did not significantly limit Plaintiff's ability to perform basic work activities,

8     and that therefore she was not disabled.  (*Id.* at 23–24.)  Thereafter, the Appeals Council

9     denied Plaintiff's Request for Review of the ALJ's decision—making it the SSA

10    Commissioner's (the "Commissioner") final decision—and this appeal followed.  (*Id.* at

11    2–4.)

12    **II.**    **LEGAL STANDARD**

13        To determine whether a claimant is disabled for purposes of the Act, the ALJ

14    follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of

15    proof on the first four steps, and the burden shifts to the Commissioner at step five.  *Tackett*

16    *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether

17    the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If

18    so, the claimant is not disabled, and the inquiry ends.  *Id.*  At step two, the ALJ determines

19    whether the claimant has a "severe" medically determinable physical or mental

20    impairment.  § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.

21    *Id.*

22        At step three, the ALJ considers whether the claimant's impairment or combination

23    of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart

24    P of 20 C.F.R. pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to

25    be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the

26    claimant's residual functional capacity ("RFC") and determines whether the claimant can

27    perform past relevant work.  § 404.1520(a)(4)(iv).  If so, the claimant is not disabled, and

28    the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, which addresses

whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  § 404.1520(a)(4)(v).  If so, the claimant is not disabled. *Id.*  If not, the claimant is disabled.

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only where it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion when considering the record as a whole. *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, district courts review only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.    DISCUSSION

Plaintiff solely argues that the ALJ erred by not considering her stroke or ejection fracture to be a severe impairment.  (Doc. 8 at 4–5.)  Plaintiff asserts that the ALJ did not fully or fairly evaluate the record on this issue.  (*Id.*; Doc. 14 at 3.)  The Commissioner argues that substantial evidence supports the ALJ's decision.  (Doc. 13 at 2.)  After reviewing the administrative record, the Court agrees with the Commissioner.

Here, the ALJ began his analysis at step one.  (Doc. 7-3 at 19.)  The ALJ found that while Plaintiff had engaged in substantial gainful activity, no further information, evidence or medical records were submitted.  (*Id.*)  Therefore, the ALJ noted there was "some question" as to the amount earned and the degree of activity performed.  (*Id.*)  Viewing this in the light most favorable to Plaintiff, the ALJ found that Plaintiff satisfied step one and continued with the inquiry.  (*Id.*)

At step two, the ALJ noted several medically determinable impairments, but found that none of these impairments, either solely or in combination, significantly limited

1   Plaintiff's ability to perform basic work-related activities for twelve consecutive months.

2   (*Id.*)  Therefore, the ALJ determined that Plaintiff did not have a "severe" impairment and

3   ended his analysis.  (*Id.* at 19–24.)

4          In making this determination, the ALJ appropriately relied on the medical evidence.

5   (*Id.*)  Specifically, the ALJ noted that Plaintiff's "statements concerning the intensity,

6   persistence and limiting effects of these symptoms are not entirely consistent."  (*Id.* at 20.)

7   Moreover, the ALJ referenced that Plaintiff was treated conservatively, and that her

8   respiratory, cardiovascular, neurological and musculoskeletal exam findings were

9   minimal.  (Doc. 7-3 at 21.)  Lastly, the ALJ found the opinions of the state agency medical

10  consultants persuasive.  (*Id.* at 23.)  The ALJ noted that these examiners offered detailed

11  summaries of their findings, which were also consistent with the overall record and medical

12  evidence.  (*Id.*)  The ALJ further found that these findings were generally normal and did

13  not indicate any severe impairment.  (*Id.*)  Notably, his analysis included Plaintiff's

14  complaints regarding the ejection fracture and her stroke.  (*Id.* at 19–23.)  These findings

15  directly contradict Plaintiff's similar complaints in her brief.  (*See* Doc. 8 at 4–5.)

16  Accordingly, the Court finds that the ALJ's decision on this issue is supported by

17  substantial evidence.  *Orn*, 495 F.3d at 630.

18         Plaintiff also argues that her ejection fracture may potentially meet the severity

19  criteria in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  (Doc. 8 at 4.)  An impairment,

20  or combination of impairments, is medically equivalent to a listing "if it is at least equal in

21  severity and duration to the criteria of any listed impairment," considering "all evidence in

22  [the] case record about [the] impairment(s) and its effects on [the claimant] that is

23  relevant . . . ." 20 C.F.R. § 404.1526(a), (c).  "An ALJ must evaluate the relevant evidence

24  before concluding that a claimant's impairments do not meet or equal a listed impairment."

25  *Walraven v. Astrue*, No. CV07-02041-PHX-GMS, 2008 WL 5427735, at *3 (D. Ariz. Dec.

26  31, 2008) (cleaned up).  Claimants have a high burden to demonstrate that they meet a

27  listed impairment because listed impairments were "designed to operate as a presumption

28  of disability that makes further inquiry unnecessary."  *Kennedy v. Colvin*, 738 F.3d 1172,

1   1176 (9th Cir. 2013) (internal quotations omitted).

2          The specific subsection of the appendix requires that an ejection fraction of thirty

3   percent or less also be supported by additional criteria.  20 C.F.R. § 404(A)–(B).  However,

4   here Plaintiff admits that she has not met any of section B's required additional criteria.

5   (Doc. 8 at 4.)  Plaintiff also asserts that the ALJ must have considered the section B criteria.

6   (*Id.*)  Even so, a review of the decision shows that the ALJ considered these criteria when

7   reviewing the medical evidence.  (Doc. 7-3 at 19–23.)  In sum, Plaintiff meeting these

8   additional criteria was not supported by the objective medical evidence, and therefore did

9   not amount to a listed impairment.

10          Finally, Plaintiff argues that the ALJ here "based his opinion on the apparently

11   missed information in their review of the medical records and the opinion of the prior ALJ

12   who did the same thing."  (Doc. 14 at 3.)  Neither assertion is supported by the record.  The

13   opinion shows that the ALJ reviewed the record and considered the evidence in its entirety.

14   In short, the ALJ properly reviewed the medical evidence and opinions.   Plaintiff's

15   disagreement with the ALJ's interpretation of the record and new complaints in her brief

16   is insufficient to overturn the decision.  The ALJ's decision is supported by substantial

17   evidence, and therefore the Court will affirm.

18   **IV.     CONCLUSION**

19          For the reasons discussed above,

20          **IT IS ORDERED** affirming the January 21, 2022 decision of the ALJ, as upheld

21   by the Appeals Council.

22          **IT IS FURTHER ORDERED** directing the Clerk to enter final judgement

23   consistent with this Order and close this case.

24          Dated this 8th day of March, 2024.

25

26

27                              Honorable Susan M. Brnovich
                                United States District Judge

28